UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rene Valladares, ) | Cr. No.: 6:03-cr-00703-GRA-1 |
| ) | C/A No.: 6:13-cv-02190-GRA |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | (Written Opinion) |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner Rene Valladares' ("Petitioner's") Motion styled as "Motion to Correct Sentence 28 U.S.C.S. 2255; 2241 or Rule 60(b)(6) Extraordinary Circumstances." For the reasons stated herein, Petitioner's motion is DISMISSED as an unauthorized, successive petition. The Court further concludes that Petitioner may not obtain relief under § 2241 or Federal Rule of Civil Procedure 60(b)(6).

**Background**

On February 12, 2004, Petitioner pled guilty to conspiracy to possess with intent to distribute and conspiracy to distribute five kilograms or more of cocaine, fifty kilograms or more of cocaine base, and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and three counts of using a telephone to facilitate a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b). ECF No. 318. On May 12, 2004, Defendant was sentenced to 360 months imprisonment to be followed by five (5) years of supervised release.

ECF No. 383. Defendant filed a Notice of Appeal with the Fourth Circuit Court of Appeals, but that appeal was dismissed on May 3, 2005 for failure to prosecute. ECF No. 539. On May 13, 2005, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (" § 2255 Motion). Civil Action No.: 6:05-cv-1408-GRA, ECF No. 1. In the §2255 Motion Petitioner raised several grounds for relief: (1) counsel was ineffective for failing to file a direct appeal after being instructed to do so; (2) the Government breached two terms of the plea agreement; (3) the Court erred by not giving Petitioner a third point for acceptance of responsibility; and (4) counsel was ineffective for not raising these claims on appeal.

On October 4, 2005, the Court granted the § 2255 Motion in part and vacated and immediately reimposed and reinstated Petitioner's judgment of conviction in order to allow Petitioner to make a timely appeal of his sentence. The Court found that Petitioner's remaining grounds for relief were without merit and dismissed the claims. Civil Action No.: 6:05-cv-1408-GRA, ECF No. 13. On August 17, 2007, the Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Valladares*, 235 F. App'x 188 (4th Cir. 2007). Petitioner also appealed the Court's dismissal of the remaining claims in the §2255 Motion. The Fourth Circuit denied a certificate of appealability and dismissed the appeal on April 26, 2007. *United States v. Valladares*, 225 F. App'x 179 (4th Cir. 2007).

## Standard of Review

Petitioner brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

As a preliminary matter, the relief requested in Petitioner's Motion is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Generally, when federal prisoners seek relief from "their convictions and sentences," the proper avenue is a petition under 28 U.S.C. § 2255. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010); s*ee United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) (stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").[1]

---

[1] When recharacterizing a *pro se* petitioner's motion as a § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (same). However, this notice must only be given "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion." *Id.* (emphasis added). After the first § 2255 motion, "all later collateral attacks must be seen for what they are . . . [and] *Castro*'s warn-and-allow-withdrawal approach does not apply." *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (finding no reversible error when a district court did not give a petitioner notice that it was construing his motion as a § 2255 motion because it was not his first § 2255 motion). Because this is Petitioner's second § 2255 motion and

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the number of § 2255 petitions that petitioners are allowed to file. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2).

Here, Petitioner previously filed a § 2255 petition, which was dismissed in part by this Court. *See* ECF No. 614; Civil Action No.: 6:05-cv-1408-GRA, ECF No. 13. The Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed his appeal. *United States v. Valladares*, 225 F. App'x 179 (4th Cir. 2007) ("Valladares seeks to appeal the district court's order denying relief in part on his 28 U.S.C. § 2255 (2000) motion . . . We have independently reviewed the record and conclude that Valladares has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.").

---

not his first, this Court is not required to notify him prior to construing the present motion as a § 2255 motion.

Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider his second § 2255 motion. Therefore, the instant petition should be dismissed because this Court lacks jurisdiction to hear a second or successive § 2255 motion filed by Petitioner.

Furthermore, Petitioner is not entitled to relief under 28 U.S.C. § 2241. Unless the remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention," a petitioner attacking his conviction or sentence must file a motion pursuant to Section 2255. 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. Here, Petitioner claims that (1) his attorney rendered ineffective assistance; (2) he is "actually innocent"; and (3) his plea of guilty was not made knowingly, voluntarily, or willingly. Petitioner does not allege that "the substantive law has changed such that the conduct of which the prisoner was convicted is deemed not to be criminal"; therefore, the Court cannot grant Petitioner relief under Section 2241.

Finally, Petitioner is not entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Under Rule 60(b), a litigant may seek relief from a final judgment or order on one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, Petitioner seeks relief from this Court's previous judgment under Rule 60(b)(6). "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

The Fourth Circuit Court of Appeals has held that certain Rule 60(b) motions *must* be treated as successive § 2255 petitions pursuant to the AEDPA. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). As stated, under the AEDPA, petitioners are barred from filing second or successive habeas corpus petitions without first "obtain[ing] authorization from the appropriate court of appeals." *Id.* at 205. Absent authorization from the court of appeals, the district court lacks jurisdiction to consider a second or successive § 2255 petition. *Id.* In order to distinguish a "proper Rule 60(b) motion from a 'successive [application] in

60(b)'s clothing'" a district court should determine whether the motion "directly attack[s] the prisoner's conviction or sentence" or whether it "seek[s] a remedy for some defect in the collateral review process." *Id.* at 207 (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). A motion that directly attacks the sentence or conviction should be construed as a successive § 2255 petition, whereas a motion that seeks to remedy a defect in the collateral review process should be treated as a true Rule 60(b) motion. *Id.* As Petitioner's Motion clearly attacks his conviction and sentence, the Court must treat it as a successive §2255 Petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

August 22, 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).